FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 29, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM JOHN L.,[1] Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant. | No. 1:22-CV-03179-SAB **ORDER REVERSING DECISION OF COMMISSIONER** |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by D. James Tree; Defendant is represented by Franco Becia, Michelle Pavelek, and Brian M. Donovan.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382.[2]

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] The caption reflects the legal name, but Plaintiff uses she/her pronouns and the name "Willma."

**ORDER REVERSING DECISION OF COMMISSIONER ~ 1**

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed and reverses the decision of the Commissioner.

## I. Jurisdiction

In February 2020, Plaintiff filed an application for disability insurance benefits and an application for supplemental security income, with onset of June 1, 2019. Plaintiff's application was denied initially and on reconsideration. On September 9, 2021, Plaintiff appeared and testified by telephone before ALJ Mark Baker, with the assistance of her counsel, D. James Tree. Robert W. Lester, Jr., vocational expert, also participated. The ALJ issued a decision on October 22, 2021, finding Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on September 23, 2022. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on November 16, 2022. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The

**ORDER REVERSING DECISION OF COMMISSIONER ~ 2**

Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1),

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 3

416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the

**ORDER REVERSING DECISION OF COMMISSIONER ~ 4**

ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

**IV. Statement of Facts**

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff graduated from high school and attended technical school for diesel mechanics. She reported that she attended special education throughout her time in school and her family indicated to evaluators they believed she was developmentally disabled. Plaintiff has an IQ of 65. She has difficulty completing psychological testing and has shown poor judgment and insight.

Plaintiff was arrested when she would not comply with the police and leave a dwelling on her property that was deemed uninhabitable. On November 18, 2019, Eastern State Hospital conducted a forensic evaluation. The evaluator concluded that Plaintiff may have a mental disease or defect and did not have the capacity to understand the proceedings against her or to participate in her own defense. It was reported that she presented with disorganized thought process and a loose association with reality, making bizarre statements about her family and the nature of her pending charges.

Plaintiff has previously worked as a field laborer. Her most recent

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 5

employment was driving truck for a family friend, and she ended up getting fired after an accident.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 16-30. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 1, 2019, the alleged onset date. AR 19.

At step two, the ALJ identified the following severe impairments: major depressive disorder, anxiety, and borderline intellectual functioning. AR 19.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 19. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> a full range of work at all exertional levels but with the following non-exertional limitations: background noise limited to moderate, which is like a business office, department store, grocery store, or light traffic. She is able to concentrate in the workplace for two hours before requiring a break. She is limited to performing simple, routine tasks. She is able to occasionally interact with supervisors and coworkers, and occasionally interact with the general public. She is able to frequently respond appropriately to changes in a routine work setting. She requires a low stress work environment, defined as requiring only occasional independent decisionmaking or use of work-related judgement and no responsibility for the safety of others.).

AR 23.

At step four, the ALJ found that Plaintiff was capable of past relevant work as a field laborer. AR 29.

In the alternative, at step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, such as stores laborer, router, and addresser. AR 30.

### VI.  Discussion

The ALJ relied on the fact that Plaintiff completed "four years of college"

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 6

and worked for one employer for 5 years. Neither is true. Plaintiff did graduate from high school, although she attended special education class throughout her schooling. She attended technical school for diesel mechanics and refers to another 2 years in Wyoming, but this does not equate to four years of college. Moreover, it does not appear that she ever completed a degree. The five year "employment" involved working for a family friend. The ALJ also believed that Plaintiff was mortgaging a home. This does not appear to be true, given that Plaintiff repeatedly indicated she was homeless or living with friends and relatives, and it appears prior to her arrest, she was living in a shop on her grandparent's property and the house there was deemed inhabitable. Notably, these statements were relayed by Plaintiff to her treatment providers. Based on the longitudinal record, it is clear they reflected delusional thinking on the part of Plaintiff. Yet, for some reason, the ALJ cited these delusional statements as evidence that Plaintiff can perform full-time work.

   a. Dr. Genthe's Opinion

The ALJ found Dr. Genthe's opinion to not be persuasive, notwithstanding that Dr. Genthe observed Plaintiff and administered several psychological tests.

In evaluating medical opinion evidence, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b) The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5). Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other

factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability.

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.

The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

Dr. Genthe concluded that Plaintiff appeared to meet DSM-5 criteria for Schizoaffective Disorder, depressive type, Autism Spectrum Disorder, Attention Deficit Hyperactivity Disorder, Post Traumatic Stress Disorder and Gender Dysphoria. Dr. Genthe noted that Plaintiff's perceptions was not within normal limits nor was her memory. Ultimately, Dr. Genthe found that Plaintiff was significantly limited in her ability to: (a) understand, remember, and persist in tasks by following detailed instructions; (b) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; (c) adapt to changes in a routine work seeing; (d) be aware of normal hazards and take appropriate precautions; communicate and perform effectively in a work setting; (e) maintain appropriate behavior in a work setting; complete a normal work day and work week without interruptions from psychologically based symptoms, and (f) set realistic goals and plan independently. Dr. Genthe concluded that Plaintiff's extremely low intellectual abilities were likely to interfere with her ability to function in employment positions.

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 8

Dr. Genthe's conclusions are consistent with the longitudinal record and supported by his evaluation, which included objective testing. As such, the ALJ erred in not finding Dr. Genthe's opinion persuasive.

This, in turn, caused the ALJ to erroneously conclude that Plaintiff did not meet Listing 12.05B.

**b. Whether Plaintiff meets Listing 12.05B**

Listing 12.05B is met by satisfying the following:

    1. Significantly subaverage general intellectual functioning evidenced by a or b:

        (a) A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or

        (b) A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and

    2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

        (a) Understand, remember, or apply information; or

        (b) Interact with others; or

        (c) Concentrate, persist, or maintain pace (see 12.00E3); or

        (d) Adapt or manage oneself, and

    3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

Here, the ALJ erred in finding that Plaintiff did not meet Listing 12.05B. Plaintiff satisfied Paragraph 1 because she has significantly subaverage general intellectual functioning as evidence by her IQ and she satisfied Paragraph 2 because based on Dr. Genthe's evaluation and the longitudinal record, Plaintiff has

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 9

marked limitations in her ability to understand, remember or apply information, concentrate, persist or maintain pace, and adapt or manage oneself. Evidence that Plaintiff was in special education throughout her schooling demonstrates that her intellectual deficits began prior to age 22.

### VII. Remand for Immediate Award of Benefits

Because the ALJ erred in failing to find that Plaintiff met Listing 12.05B, a remand for an immediate calculation and award of benefits is appropriate.

Accordingly, **IT IS HEREBY ORDERED:**

1. For docket purposes, Plaintiff's Opening Brief, ECF No. 11, and Reply Brief, ECF No. 17, are **GRANTED**.

2. For docket purposes, the Commissioner's Brief, ECF No. 16, is **DENIED**.

3. The decision of the Commissioner is **reversed** and **remanded** for an immediate calculation and award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 29th day of June 2023.



Stanley A. Bastian
United States District Judge

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 10